UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VENTURE INDUSTRIES CORPORATION,

      Plaintiff,

                                       Case No. 99-75354

v.                                     Hon: AVERN COHN

AUTOLIV ASP, INC.,

      Defendant.

_____/


## DECISION AND ORDER ON REMAND
## REGARDING RULE 60(b)(3) MOTION

Before the Court are plaintiff's Motion for Entry of Judgment and defendant's

Renewed Motion for Vacatur of Judgment.  For the reasons which follow, plaintiff's motion

is GRANTED, and defendant's motion is DENIED.[1]

I.  Background

This is a commercial dispute.  A jury awarded plaintiff for breach of a supply

agreement $27,576,100.00 in damages.  Defendant filed a motion for new trial under Fed.

R. Civ. P. 60(b)(2) (newly discovered evidence) and (b)(3) (fraud or other misconduct).  The

motion was denied.  Defendant appealed.  The Court of Appeals for the Federal Circuit

---

[1]Although plaintiff styled its motion as a motion for entry of judgment, it is clear that plaintiff is not requesting the entry of another judgment; rather, plaintiff is requesting a ruling on the Rule 60(b)(3) issue in their favor, as will be explained.  As such, no separate judgment need be entered regarding plaintiff's motion.  However, in accordance with the Order Amending Judgment entered this date, a Second Amended Judgment shall be entered reflecting a recalculation of the amount of prejudgment interest as of December 4, 2003.

affirmed in part, vacated in part and remanded.  <u>Venture v. Autoliv</u>, 457 F.3d 1322 (Fed.

Cir. 2006).  Specifically, the Federal Circuit remanded for further consideration Autoliv's

motion for new trial under Rule 60 (b)(3).  The Federal Circuit explained:

> Autoliv's contention here is based on the. . .grounds. . .(1) Levko's [plaintiff's damage expert] reliance on the bid data; (2) Levko's testimony that the Grand Blanc facility's certified financial statements gave him comfort about Venture's accounting controls; and (3) Levko's reliance on the Grand Blanc plant-wide financial statements to derive the fixed/variable cost ratio and check the bid-based scrap rate for his damage calculations.

> * * * *

> We conclude that we must vacate in part the district court's denial of Autoliv's Rule 60(b)(3) motion as it concerned Levko's testimony and remand for adjudication under the proper legal standard.  In doing so, we do not address the question of whether Levko's testimony constitutes "fraud, misrepresentation, or other misconduct" within the purview of Rule 60(b)(3); that is a question best addressed by the district court in the first instance.  On remand, the district court must decide whether Autoliv has established, by clear and convincing evidence, that reliance upon Venture's financial information by Venture's damages expert constituted fraud or misrepresentation.  If Autoliv makes such a showing, the district court must consider whether Venture established, by clear and convincing evidence, that the misbehavior had no prejudicial effect on the outcome of the litigation.  [Footnotes omitted].

> * * *

> . . .But because the district court did not consider Autoliv's allegation with respect to Levko's testimony as a ground for relief under Rule 60(b)(3), we vacate the district court's denial of Autoliv's Rule 60(b)(3) motion and remand for further proceedings consistent with this opinion.

457 F.3d at 1333-34.

The Federal Circuit also held that the proper legal standard applicable under Rule

2

60(b)(3) is set forth in the Court of Appeals for the Sixth Circuit's decision in <u>Jordan v.</u>

<u>Paccar, Inc.</u>, No. 95-3478, 1996 WL 528950, *8 (6th Cir. 1996):

> . . .The Sixth Circuit in <u>Jordan</u>. . ."dispens[ed] with any requirement that the moving party demonstrate prejudice,". . .holding that "prejudice should be presumed [ ] once the moving party has shown by clear and convincing evidence that misbehavior falling into one or more of the three categories set out in Rule 60(b)(3) has occurred." <u>Id</u>. The burden then shifts to the non-moving party "to demonstrate by clear and convincing evidence that the misbehavior which occurred had no prejudicial effect don the outcome of the litigation." <u>Id</u>.

<u>Id</u>. (citations omitted).

The three categories set out in Rule 60(b)(3) are

> "Fraud (inherently heretofore demonstrated intrinsic or extrinsic), misrepresentation, or other misconduct. . . ."

As the Sixth Circuit in <u>Paccar</u> explained:

> Fraud cannot be unintentional, and the use of the prefix "mis" in both "misrepresentation" and "misconduct" also suggests that the moving party under the rule must show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding question.
>
> * * *
>
> "Misrepresentation" can be interpreted as an affirmative misstatement. Even an innocent misrepresentation claim must be based on an affirmative misstatement. "Fraud" can be interpreted as reaching deliberate omissions when a response is required by law or when the non-moving party has volunteered information that would be misleading without the omitted material. (Common law defines fraud to include certain omissions, "i.e., failure to disclose material facts when under a duty to do so"). And "other misconduct" can be interpreted to reach questionable behavior affecting the fairness of litigation other than statements or the failure to make statements.
>
> * * *

3

> Thus, we hold that the district court did not err when it construed Rule 60(b)(3) as requiring the moving party to demonstrate misbehavior of one of the three relevant kinds by clear and convincing evidence.

[Citations omitted].

## II.

### A.

Defendant's position as to the issue on remand is as follows:

> The question is whether the fraud is attributable to the adverse party – Venture – and whether it had an impact on the litigation

Plaintiff's position as to the issue on remand is as follows:

> On remand, the district court must decide whether Autoliv has established by clear and convincing evidence that reliance upon Venture's financial information by Venture's damage expert constitutes fraud or misrepresentation

and goes on to state

> Specifically Autoliv fails to establish fraud or misrepresentation with regard to "(1) Levko's reliance on bid data; (2) Levko's testimony that the Grand Blanc facility's certified financial statements gave him comfort about Venture's accounting controls; and (3) Levko's reliance on Grand Blanc's plant-wide financial statements to derive the fixed/variable cost ratio and check the bid-based scrap rate for his damage calculations."

Plaintiff's response at p. 1 (quoting Venture v. Autoliv, 457 F.3d at 1332).

## III.

### A.

The briefing on the pending motions, to wit:

• (Amended) Brief in Support of Plaintiff's Motion for Entry of Judgment

• Defendant's Renewed Motion for Vacatur of Judgment

• Plaintiff's Brief in Opposition to Defendant's Motion for Vacatur of

4

       Judgment and Reply in Support of Motion for Entry of Judgment

- Defendant's Reply Brief in Support of Renewed Motion for Vacatur of Judgment

as extensive and detailed as it is, ignores the analysis of the evidence at trial in light of an 8-K post-trial filing by plaintiff and the Doeren Mayhew reports (the basis for defendant's attack on the verdict) in the Decision on Denial of Defendant's Motion for New Trial. Particularly, the briefs ignore the post-trial evidentiary hearing at which plaintiff's damages expert, Aaron Levko, was examined and cross-examined regarding his opinion at trial in light of the Doeren Mayhew reports.  As described in the Decision on Denial:

> At the initial oral argument on Autoliv's motion [for new trial], because of its dissatisfaction with the record as it then stood, affidavit versus affidavit, the Court directed that an evidentiary hearing be held at which Levko could be questioned after he familiarized himself with the March 25 Doeren Mayhew report so the Court could determine how, if at all, the report affected his trial evidence.  The hearing took place on April 25, 2005. Levko was extensively examined and cross-examined.

Decision on Denial at p. 9.  This statement was followed by an eleven page analysis of Levko's testimony at the evidentiary hearing, in light of his testimony at trial.  The Court's conclusion from all this as stated in the Decision on Denial in relevant part was

- Levko's opinion on damages was grounded on bids that antedated December 31, 2001

- There is no evidence to suggest that the accounting irregularities at the Grand Blanc facility described in the Doeren Mayhew report of March 25, 2004 affected Venture's 1996-2001 financial statements

- At trial, Autoliv argued that Levko's damages analysis was divorced from plant-wide financial information and Levko did not look to actual performance

- The adjustments to the plant-wide financial statements called for by the March 25 Doeren Mayhew report would not have resulted in any

significant change in the contribution margins used by Levko

The Court then said

> It cannot be said that if the jury was presented with the Doeren Mayhew reports, particularly the March 25 Doeren Mayhew report, its decision on damages would have been any different. Autoliv did not take exception to the pretrial ruling that any reference to Venture's Chapter XI proceedings was irrelevant and therefore inadmissible. Autoliv knew in advance of trial of Venture's financial difficulties. Insolvency does not rise full blown like Venus from the head of Zeus. The March 10 Doeren Mayhew report disclosed not mismanagement of the financial accounts of Venture, but rather over-reaching by Venture's principal stockholders. Nothing in the report casts any doubt on the financial accounts of the Grand Blanc facility.

> While the March 25 Doeren Mayhew report cast some doubt on the financial accounts of the Grand Blanc facility, it is not in a way that affects Venture's damages evidence at trial. That evidence consisted of Levko's testimony and exhibits. Levko was vigorously cross-examined at the evidentiary hearing on April 29, 2005. His conclusions held firm. Autoliv's subsequent analysis does not disclose flaws sufficient in magnitude to require the Court to find a lack of credibility in Levko's opinion.

> What Autoliv has done in support of its motion is little more than recycling the arguments it put to the jury at trial. The adjustments called for by the March 25 Doeren Mayhew report simply do not cast doubt on the credibility of Venture's proofs at trial. In the end, Autoliv has not given the Court any good reason to require a new trial on damages, much less to inquire further.

Decision on Denial at p. 20-21.

### B.

Additionally, the record is devoid of any follow-up action regarding the financial statements of Venture offered in evidence at trial, the 8-K filing or the Doeren Mayhew reports.

### IV.

6

Whether assessed by the defendant's position on remand, <u>supra</u>, or plaintiff's position on remand, <u>supra</u>, which better defines the remand from the Federal Circuit, the damages evidence at trial, principally Levko's testimony, which relied upon Venture's financial information, does not reflect either fraud or misrepresentation as required for a new trial under the standard for Rule 60(b)(3) as described above.  It is for these reasons that Venture's motion is granted and that Autoliv's motion is denied.

SO ORDERED.

  s/Avern Cohn                                    
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  November 29, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, November 29, 2006, by electronic and/or ordinary mail.

  s/Julie Owens                                
Case Manager, (313) 234-5160

7