UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VENTURE INDUSTRIES CORPORATION,
VEMCO, INC., PATENT HOLDING COMPANY,
and LARRY J. WINGET,

    Plaintiffs,

v.

    Case No. 99-75354
    HON. AVERN COHN

AUTOLIV ASP, INC.,

    Defendant.

_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

I.

On October 3, 2007, the Court entered an Order granting defendant Autoliv leave to deposit $36,263,015.50 into an interest-bearing account supervised by the Court under Fed. R. Civ. P. 67 towards payment of the judgment in this case. The Court also said that upon deposit of the $36,263,015.50, the letter of credit issued on behalf of Autoliv "shall not be drawn upon without further order of the Court."

Before the Court is Venture's motion for reconsideration. For the reasons that follow, the motion is DENIED.

II.

Venture first says that Rule 67 only applies where there is a case or controversy pending before the district court and that no such action was pending at the time of the Court's order. Venture, however, says that a recently filed interpleader action, <u>Gold, as Trustee v. Cadence Innovation, LLC et al</u>, Case No. 07-14435, is pending which would

satisfy the case or controversy requirement. Venture asks that the October 3, 2007 order be modified to provide that the deposited funds are held in connection with the interpleader action. In light of the fact that the interpleader action has been reassigned to the Court, this argument is moot.

Venture also says that the Court did not have the authority to enjoin drawn down of the letter of credit. Venture says that by preventing Venture from drawing on the letter of credit it "effectively stayed the Federal Circuit Mandate and thus, exceeded this Court's jurisdiction." This argument is wholly without merit. First of all, the authority Venture cites deal with the situation where a defendant posts a bond as security for an appeal. The plaintiff prevails on appeal and moves the district court to direct payment by the bond guarantor in the amount of the judgment. The defendant asks the district court to keep the stay and bond in effect while it seeks certiorari. In that circumstance, a district court lacks jurisdiction to stay enforcement of the judgment and the defendant must obtain a stay from either the appellate court or Supreme Court. That is not the case here. Venture's position completely ignores the fact that Autoliv deposited the full amount of the jury verdict, plus prejudgment interest and post-judgment interest with the Court simultaneously with the Court's order. With the deposit, the need for the letter of credit vanished. The Court did not "effectively" stay the mandate by enjoining Venture from drawing on the letter of credit because Autoliv has paid the judgment in accordance with the mandate.

SO ORDERED.

Dated: October 30, 2007      s/Avern Cohn
                                                        AVERN COHN
                                                        UNITED STATES DISTRICT JUDGE

**99-7534 Venture Ind Corp, et al v. Autoliv ASP, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 30, 2007, by electronic and/or ordinary mail.

                                                    s/Julie Owens
                                            Case Manager, (313) 234-5160